CARA C. CHRISTENSEN (SBN 43198)
JESSE A. P. BAKER (SBN 36077 )
PITE DUNCAN, LLP
The Ogden Building
9311 SE 36th St, Ste 100
Mercer Island, WA 98040
Telephone: (425) 644-6471

**Mailing Address:**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Honorable Timothy W. Dore
CHAPTER: 7
HEARING DATE: February 10, 2012
HEARING TIME: 9:30am
RESPONSE DATE: February 3, 2012

# IN THE UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

| | |
|---|---|
| In re<br><br>SON D NGUYEN AND DAO A DIEP ,<br><br>Debtor(s). | No. 11-23940-TWD<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |

Wells Fargo Bank, N.A. ("Movant")[1], moves this court for an order terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 1910 NE 33RD PL, Renton, WA 98056-8015.

On or about December 2, 2011, Dao A Diep ("Borrower") and Son D Nguyen (collectively, the "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and James Rigby was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 United States Code § 362.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

Movant moves this court for relief from stay under 11 United States Code §§ 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(2).

### NO EQUITY

11 United States Code § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:

> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about February 27, 2008, Borrower, for valuable consideration, made, executed and delivered to Wachovia Mortgage, FSB ("Lender") a Note in the principal sum of $572,000.00 (the "Note"). Pursuant to the Note and any endorsements, Debtors are obligated to make monthly principal and interest payments commencing April 15, 2009, and continuing until March 15, 2038, when all outstanding amounts are due and payable. The Note provides

that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A copy of the Note is attached to the Declaration in Support of the Motion for relief from Automatic Stay as exhibit A and incorporated herein by reference.

On or about February 27, 2008, the Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 1910 NE 33RD PL, Renton, WA 98056-8015 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on March 4, 2008, in the Official Records of King County, State of Washington. A copy of the Deed of Trust is attached to the Declaration in Support of the Motion for relief from Automatic Stay as exhibit B and incorporated herein by reference.

On or about December 31, 2007, WSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia"). (*See* Declaration, Exhibit C).

On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW"). On the same date, WFBSW merged with and into Movant. (*See* Declaration, Exhibit D).

As a result of the default under the Note, a Notice of Default was posted on the subject property and mailed to the Debtors on July 13, 2010. Movant recorded its Notice of Sale on May 9, 2011. There is no pending foreclosure activity by Movant.

The obligation under the Note is in default as of December 15, 2008 for failure to make payments to Movant. As of December 2, 2011, the estimated payoff owing under the Note is the approximate sum of $730,038.45. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has

incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $122,097.60, consisting of four (4) payments from December 15, 2008 through March 15, 2009 in the amount of $3,066.20 each, twelve (12) payments from April 15, 2009 through March 15, 2010 in the amount of $3,252.90 each, twelve (12) payments from April 15, 2010 through March 15, 2011 in the amount of $3,453.60 each, and eight (8) payments from April 15, 2011 through November 15, 2011 in the amount of $3,669.35 each, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

## II.

## **RELIEF FROM STAY**

## **LACK OF EQUITY**

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and Statements, the fair market value of the Property is approximately $440,000.00. True and correct copies of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit E and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $440,000.00 |
| Less: | |
|   Movant's Trust Deed | $730,038.45 |
|   Costs of Sale (8%) | $35,200.00 |
| Equity in the Property: | $(325,238.45) |

As a result, there is little to no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(2).

/././

/././

/././

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).

### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 United States Code §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1) Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2) That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3) Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4) Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

5) Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring

1  the Debtors to reinstate and maintain in a current condition all obligations due under the Note
2  and Deed of Trust and all other deeds of trust encumbering the Real Property, including
3  Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as
4  required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant
5  on behalf of Debtors in order to protect Movant's interest in the Real Property, including all
6  attorneys' fees and costs incurred in the filing of this motion;

6) That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7. That any Order granting this motion shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

8. For such other and further relief as the court deems just and proper.

Dated: December 30, 2011                    PITE DUNCAN, LLP

/s/ CARA C. CHRISTENSEN
CARA C. CHRISTENSEN, WSBA#43198
Attorneys for WELLS FARGO BANK, N.A.